UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.    CASE NO: 8:08-cr-240-CEH-CPT

JAMES ROBERTSON
_____/

# **O R D E R**

This matter comes before the Court on the *pro se* Defendant's "Motion for Reconsideration 60(B) on Compassionate Release of Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)" (Doc. 256) and Defendant's "Motion for Attachment Addendum" (Doc. 257). In his motion for reconsideration, Defendant argues this Court should reconsider the denial of his motion for compassionate release because there are extraordinary and compelling reasons to grant his motion. In the motion to attach an addendum, Defendant requests he be permitted to supplement his motion for reconsideration with what he asserts is new evidence related to personal protective equipment ("PPE"). The Court, having considered the motions and being fully advised in the premises, will deny Defendant's Motion for Reconsideration and deny, as moot, Defendant's Motion for Attachment.

## **DISCUSSION**

Defendant is a 41-year old male who is incarcerated for life at Coleman II USP following a jury verdict finding him guilty of two counts of murder in aid of racketeering. On September 11, 2020, Defendant filed a motion, proceeding *pro se,* for

compassionate release seeking a reduction in his sentence due to the COVID-19 pandemic, coupled with his medical condition. Doc. 249. On November 30, 2020, the Court denied Defendant's motion for compassionate release because he had not demonstrated an extraordinary and compelling reason for his release, and even if he were able to, the Court concluded the § 3553(a) factors weighed heavily against a reduction in his sentence. Doc. 255. In his motion filed January 29, 2021, Defendant now requests the Court reconsider its ruling under Rule 60(b). Doc. 256.

The Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration. Notwithstanding, both the Supreme Court and the Eleventh Circuit Court of Appeals have permitted parties to file motions for reconsideration in criminal cases. *See United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6–8 (1991)). Rule 60(b), however, "cannot be used to obtain relief in criminal proceedings." *Smith v. United States*, 433 F. App'x 891, 892 (11th Cir. 2011) (citing *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998)). Thus, to the extent Defendant's motion for reconsideration is brought under Fed. R. Civ. P. 60(b), the motion is due to be denied.

In deciding motions for reconsideration in criminal cases, courts have used the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. *See United States v. Hammoud*, Case No. 8:04-cr-2-T-27MAP, 2012 WL 13176320, at *1 (M.D. Fla. Sept. 13, 2012). Construing Defendant's motion as one filed under Rule 59(e), the Court finds the motion still fails. Motions for reconsideration under Rule 59(e) must be filed no later than 28 days after entry of the

order or judgment. Fed. R. Civ. P. 59(e). Thus, even considering Defendant's Motion for Reconsideration as being filed under Rule 59(e), the motion is due to be denied as untimely. The Court denied Plaintiff's Motion for Compassionate Release on November 30, 2020 (Doc. 255); Defendant filed his Motion for Reconsideration (Doc. 256) nearly two months later on January 29, 2021. Even taking into consideration the motion's certificate of service date of January 23, 2021, Defendant's motion was still served more than 28 days after the date of the order which Defendant seeks to have the Court reconsider.

Because the motion for reconsideration is untimely, Defendant's request to supplement the motion for reconsideration with an attachment addendum is due to be denied as moot. Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Reconsideration 60(B) on Compassionate Release of Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 256) is **DENIED**.

2. Defendant's Motion for Attachment Addendum (Doc. 257) is **DENIED as moot**.

**DONE AND ORDERED** in Tampa, Florida on May 26, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any