UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                  CASE NO: 8:08-cr-240-CEH-CPT

JAMES ROBERTSON
_____/

**ORDER**

This matter comes before the Court on Defendant's Motion for Compassionate Release under 18 USC § 3582(c)(1)(A)(1) (Doc. 269). In the motion, Defendant requests the Court grant him compassionate release because he was a youthful offender at the time of his offenses and because he asserts he has been rehabilitated. The Government filed a response in opposition (Doc. 274), and Defendant replied (Doc. 275). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Compassionate Release under 18 USC § 3582(c)(1)(A)(1).

**I.    BACKGROUND**

After a multi-week jury trial, Defendant James Robertson was found guilty of two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2). Doc. 179 at 1; Doc. 251 at 7. Defendant was sentenced on December 22, 2011, to a total term of life imprisonment for counts one and two, to run concurrently. Doc. 179 at 1–2. His convictions were upheld on appeal. Doc. 228.

Defendant is a 45-year-old male who is currently incarcerated at USP Allenwood high security penitentiary located in Allenwood, Pennsylvania, serving a life sentence. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Jan. 9, 2025). He seeks immediate release, or whatever reduction the court may determine is warranted, because he claims that he is not the same man who committed the crimes for which he was convicted. He asserts he has grown and matured and would not pose a threat to the community if released. Doc. 269.

This is not the first time Defendant has sought compassionate release. On September 11, 2020, Defendant filed a *pro se* motion for compassionate release requesting modification of his sentence due to the COVID-19 pandemic, coupled with his medical condition. Doc. 249. He argued that his asthma, coupled with the inadequate response by the Bureau of Prisons to the pandemic, constituted extraordinary and compelling circumstances to support a reduction in his sentence. On November 30, 2020, the Court denied the motion because Defendant failed to show an extraordinary and compelling reason for compassionate release and because the Court determined that Defendant still posed a danger to society and the § 3553(a) factors weighed heavily against a reduction in sentence. Doc. 255. Defendant's motion seeking reconsideration of the Court's ruling was also denied. *See* Docs. 256, 258. On November 5, 2021, Defendant again filed a motion seeking compassionate release, which he subsequently withdrew. Docs. 259, 267.

Now, before the Court is another request by Defendant seeking a reduction in his sentence under Section 3582(c)(1)(A)(1). Doc. 269. In support of his motion,

Defendant submits that he was only 18, 19 and 21 years old when he committed the offenses for which he has been incarcerated over 20 years. He argues that, given his youthful age, his brain was not fully developed to appreciate the wrongfulness of his conduct. Additionally, he explains he was heavily traumatized as a youth which negatively impacted his cognitive development. His environment growing up was not only violent but also filled with racial tension. Due to his violent upbringing in which he was exposed to crime as both a witness and victim starting at an early age, Defendant argues that a life sentence is unjust. Defendant contends he is a changed man who has authentically reformed and who is respected by inmates and staff. He relies on the amendments to the Sentencing Guidelines policy statement which authorizes the court in its discretion to grant compassionate release for "other" extraordinary and compelling reasons.

      Defendant argues that he is not a danger to the community and that the Section 3553(a) factors weigh in favor of a reduced sentence. Given that he has been incarcerated over 20 years for crimes committed when he was a youth, Defendant submits any additional time would be more than necessary to achieve the purpose of punishment. Defendant alleges he has had no serious infractions in his twenty years of incarceration, demonstrating he is not a danger to anyone. He also argues that given the substantially less time received by his co-defendants, whom he argues were substantially older and more culpable, a reduction is warranted to avoid unwarranted sentence disparities. Defendant submits that his model conduct in prison further supports a reduction in his sentence.

The Government filed a response in opposition arguing that Defendant offers no circumstances that would be considered extraordinary and compelling to support a reduction in his sentence, he remains a danger to the community, and the Section 3553(a) factors do not support early release. Doc. 274. The Government notes that nowhere in any of his compassionate release motions does Defendant ever express sorrow or remorse for the victims he murdered, further highlighting that the Section 3553(a) factors weigh against a reduction in his sentence.

Defendant filed a reply (Doc. 275) in which he argues that the caselaw demonstrates that youth, trauma, lengthy sentences, and rehabilitation can be used to justify release. He disagrees with the Government's characterization that he shows no remorse, stating that he has struggled with what he can do about his victims. He has shared his personal experiences with other inmates to help them come to terms with their sentences. Finally, he states that the BOP has assessed him with a low/minimum recidivism score and a high chance of maintaining his progress if released, which he argues shows that he poses no danger to the community.

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows

incarcerated individuals to directly petition a district court for compassionate release. That provision now states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d

5

1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

> (1) Medical circumstances
> (2) Age
> (3) Family circumstances
> (4) Victim of abuse
> (5) Other reasons
> (6) Unusually long sentence.

U.S.S.G. § 1B1.13(b). Each of these circumstances is further defined in the policy statement. The policy statement definitions are binding on courts in this Circuit. *Bryant*, 996 F.3d at 1262.

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[1] *See* § 3582(c)(1)(A); *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

## III. DISCUSSION

### A. Administrative Exhaustion

As a threshold matter, the Court finds that Defendant has adequately exhausted his administrative remedies. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). In his motion, Defendant represents that on September 11, 2023, he submitted a request for a sentence reduction to the warden of his facility and more than 30 days passed before filing his motion. Docs. 269 at 6; 269-1 at 4.

In its response, the Government acknowledges that Defendant submitted a request for compassionate release to the warden and more than 30 days passed since the BOP's receipt of Defendant's request. The Court finds that Defendant has satisfied the exhaustion requirement and will consider the merits of his motion.

### B. Extraordinary and Compelling Circumstances

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is

warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-VMC-SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

Defendant claims his rehabilitation, his status as a youthful offender, and his traumatic childhood constitute extraordinary and compelling circumstances to support compassionate release.[2] As for Defendant's representation that he is a "changed man," the Court commends Defendant on his efforts to rehabilitate himself and improve his mental health. Although the Court will consider a defendant's rehabilitation in considering whether and to what extent a reduction in sentence may be warranted, "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of [the] policy statement." U.S.S.G. 1B1.13(d).

Defendant next argues his status as a youthful offender and the trauma he experienced as a child are extraordinary and compelling reasons under the "other

---

[2] Defendant's reply also generally argues that his unusually long sentence provides a basis for compassionate release. This was not raised in the motion initially, and thus the Court need not consider it. But even if the Court were inclined to consider the length of his sentence as a basis for reduction under U.S.S.G. § 1B1.13(b)(6), Defendant's motion would still be denied. While a life sentence may be considered an unusually long sentence in certain circumstances, here Defendant was found guilty after a multi-week trial for the brutal murder of two individuals. This case does not involve a situation in which changes to the law would result in a lower sentence if Defendant were convicted of the same crimes today. *See* U.S.S.G. 1B1.13(b)(6) ("If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law . . . may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.").

reasons" category of the policy statement which authorizes this Court to consider any other circumstance or combination of circumstances. Defendant relies on cases relating to youth and its impact on sentencing (Doc. 269 at 1–2) (citing *Graham v. Florida*, 560 U.S. 48 (2010) and *Miller v. Alabama*, 567 U.S. 460 (2012)), to support his argument that his sentence should be reduced. Critically, the *Graham* case involved a juvenile life sentence for a nonhomicide. The *Miller* case involved a life sentence for a 14-year-old defendant convicted of murder. Here, Defendant was found guilty of two homicides, committed when he was 18 or 19 years old, which if committed today would still subject him to two consecutive mandatory minimum life sentences. *See* 18 U.S.C. § 1959(a)(1). The district court opinions from other jurisdictions that Defendant relies upon similarly do not change the result as they are not binding on this Court and are factually distinguishable.³ The Court does not discount the impact that Defendant's youth, history of trauma, and alcohol abuse may have had on his decision to commit the murders for which he was convicted. While the undersigned was not the sentencing judge, these are the types of factors that generally arise and are

---

³ In his motion, Defendant cites to several out-of-jurisdiction cases for the proposition that district courts have concluded that youth is a significant factor that can be considered as grounds for compassionate release. Doc. 269 at 7–8 (citing *McCoy v. United States*, No. 2:03-cr-1972020, U.S. Dist. Lexis 93730 (E.D. Va. May 26, 2020); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 Lexis 28392 (D. Utah Feb. 18, 2020); *United States v. Sommer*, No. CR09-0257JLR, 2022 Lexis 186599 (W.D. Wash. Oct. 12, 2022); *United States v. Lopez*, No. 97-01117, 2020 Lexis 200076 (D. Hawaii Oct. 27, 2020); *United States v. Bryant*, No. 95-202-CCB-3, 2020 Lexis 75681 (D. Md. Ap. 30, 2020); *United States v. Owen*, No. 2:03-cr-197-1, 2020 Lexis 237901 (E.D. Va. Dec. 17, 2020). As the response points out (Doc. 274 at 16), several of those cases dealt with significant changes in the law and policy surrounding certain gun crimes, which is inapposite here.

typically considered at the time of sentencing.[4] Moreover, as the Government's response points out, amendments to the Sentencing Guidelines since Defendant's conviction actually result in a higher recommended guideline range than what Defendant's guideline range was in 2011. See Doc. 274 at 15. Considering the totality of the circumstances, the Court concludes that Defendant fails to demonstrate on this record that extraordinary and compelling reasons exist to warrant a reduction in his sentence.

**C. Section 3553(a) Factors**

Even if Defendant were able to demonstrate the existence of extraordinary and compelling reasons to support a reduction in his sentence, consideration of the full record reflects he is still a danger to the community and the Section 3553(a) factors weigh against a sentence reduction. The Government's response (Doc. 274 at 1–7) details the brutal and gruesome nature of the murders Defendant was convicted of committing. The Court is duty-bound to protect the public from danger, and a grant of compassionate release to Defendant in this case would not reflect the seriousness of Defendant's offenses, promote respect for the law, adequately deter future crimes, or align with the guideline sentences that similarly situated defendants must serve.

As the record reflects, Defendant was already serving a ten-year sentence for armed robbery at the time of his murder trial. Thus, although Defendant has been

---

[4] At sentencing, the Government requested Defendant receive consecutive life sentences for the two murders. Doc. 218 at 13. In sentencing Defendant to concurrent life sentences, the sentencing judge commented that she took a lot of factors into consideration. *Id.* at 15.

incarcerated for over 20 years to date, he has been in custody for the murder convictions for only approximately 12 of those years. The 3553(a) factors require a defendant's punishment reflect the seriousness of the offense, serve as a deterrent, and promote respect for the law. A reduction in Defendant's life sentence, of which he has only served a relatively short number of years, for the first-degree murder of two homeless men would not accomplish these goals.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release under 18 USC § 3582(c)(1)(A)(1) (Doc. 269) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 17, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
James Robertson, *pro se*