UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                      CASE NO: 8:08-cr-240-CEH-CPT

JAMES ROBERTSON

_____/

## **O R D E R**

This matter comes before the Court on Defendant's "Motion for Actual Notice" (Doc. 278) and Supplement (Doc. 282). In the motion, Defendant "gives notice to this Court" that his defense counsel provided "unprofessional representation" at the pretrial and trial of his criminal case.[1] Although docketed as a "Motion for Actual Notice," the motion is in essence a motion to vacate under 28 U.S.C. § 2255.[2] The Court preliminarily reviews the motion for sufficiency. *See* Rule 4(b), Rules Governing Section 2255 Proceedings. Because the Court adjudicated an earlier Section 2255 motion on the merits (Doc. 239), the Court lacks jurisdiction to consider the second or successive Section 2255 motion in this action until Robertson first obtains permission from the court of appeals. 28 U.S.C. § 2255(h). Rule 9, Rules Governing Section 2255 Proceedings. *Patterson v. Sec'y, Fla. Dep't Corrs.*, 849 F.3d 1321, 1325 (11th Cir. 2017);

---

[1] Additionally, Robertson requests counsel be appointed to assist him in these proceedings on the issue of the ineffectiveness of his trial counsel. In an order dated August 13, 2025, the magistrate judge denied Robertson's construed request for counsel made in this motion and in his Notice of Supplement Attachment (Doc. 282). *See* Doc. 285.

[2] Because the instant motion challenges Robertson's conviction in this criminal case, the motion is essentially a motion to vacate under 28 U.S.C. § 2255. *See, e.g., Zamor v. United States*, 827 F. App'x 939, 944–45 (11th Cir. 2020).

*Armstrong v. United States*, 986 F.3d 1345, 1347 (11th Cir. 2021). Accordingly, the Court, having considered the motion and being fully advised in the premises, will dismiss, without prejudice, Defendant's second or successive Section 2255 motion for lack of jurisdiction because Defendant failed to first obtain authorization from the Eleventh Circuit Court of Appeals.

## DISCUSSION

Defendant James Robertson is serving a life sentence after being found guilty of two counts of murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1) and (2). Doc. 179. His convictions were upheld on appeal. Doc. 228. On August 11, 2014, Robertson filed a motion to vacate sentence under 28 U.S.C. § 2255. Doc. 237. In his motion, Robertson argued, among other issues, the ineffectiveness of his defense counsel. *Id.* at 5. On November 25, 2014, the Court denied his Section 2255 motion on the merits. Doc. 239. He now seeks to file a second or successive Section 2255 motion arguing the ineffectiveness of his defense counsel. However, Robertson has not first obtained permission from the court of appeals.

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996, as codified at 28 U.S.C. § 2255, before leave to file a second or successive motion can be granted by the U.S. Court of Appeals, it is the applicant's burden to make a *prima facie* showing that satisfies either of the two conditions in 28 U.S.C. § 2255(h).

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

2

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

In his motion, Robertson complains that his defense counsel knew that two witnesses provided untruthful testimony at trial in that they told the jury no promises were made to them by the Government for their testimony when, in fact, there was an agreement in advance of trial that they would only be incarcerated for ten years. Robertson asserts his defense counsel knew about the pre-trial agreement but did not question the witnesses about it at trial.[3] Robertson raised this same argument in his initial Section 2255 motion. *See* Doc. 239 at 6 (discussing Robertson's claim that his counsel failed to introduce evidence of a plea bargain given to an adverse witness).

In his motion, Robertson contends that his defense attorney knew about, but did not disclose the witnesses' plea deals to Defendant. Robertson refers to the documents he attaches to his motion as "newly discovered," but the interview and jail call recording appears to be from 2003-2004 and the transcript from 2012.

"'[C]laims based on a *factual* predicate not previously discoverable are successive,' but '[i]f . . . the purported defect did not arise, or the claim did not ripen,

---

[3] In support, Defendant attaches to his motion copies of an FBI witness interview, jail call records, and an unidentified transcript excerpt. Doc. 278 at 7–10. He refers to the documents as "newly discovered," but the interview and jail call recording appears to be from 2003-2004 and the transcript from 2012.

until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'" *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) (italics in original) (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009)). The factual basis for Robertson's claim existed before his proceedings on his initial Section 2255 motion concluded, and thus Robertson's claim is successive. Because the Court determines that Defendant's Section 2255 motion is "second or successive," the motion must be certified by the court of appeals before the district court may reach the merits of the motion. 28 U.S.C. § 2244(b)(3)(A); 28 U.S.C. § 2255(h).

Accordingly, the Court **DISMISSES** Robertson's second or successive Section 2255 motion (Doc. 278) for lack of jurisdiction. Because the Court lacks jurisdiction to consider the motion, the Court cannot issue a certificate of appealability. *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007).

**DONE AND ORDERED** in Tampa, Florida on April 16, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
James Robertson, *pro se*

4